Good morning, your honors. My name is Georgia K. McMillan. I represent the defendant appellant Eupeli Migi. I ask to reserve two minutes for rebuttal time this morning. Appellant requests that this court reverse his conviction on six counts of distribution and possession with intent to distribute crack cocaine in a public park which contained under section 860 a playground. I'd like to go right to the central point of this appeal, which is what is a playground. The statute at issue 21 U.S.C. 860 defines playground in a specific way. It says that a playground is an outdoor facility open to the public which contains recreational apparatus for children and it must contain three or more of these recreational apparatus. Appellant submits that the statute is clearly written and it is unambiguous when it defines what Congress means by the term playground. The kinds of apparatus that Congress intended to be within the ambit of a playground are swing sets, teeter boards, and sliding which is different from the kinds of recreational apparatus that are found at the public park where the appellant was arrested and the reason why this conviction comes under 860. The kinds of apparatus that the trial testimony revealed are available in this public park which is called A'ala Park which is nearby here off of Chinatown are a skating rink, a softball field, and a basketball court. You can still play on those can't you? You can play on those. Appellant submits that those are another kind of subclass of recreational apparatus because they're athletic and they're sports oriented. Whereas teeter tottering is pretty athletic too. Well, appellant submits that the kinds of apparatus that Congress defined teeter totter, swing set, and a sliding board are different in that the users of this kind of apparatus are distinct. They are usually young children. If Congress wanted to. Thanks for the question. The statute elsewhere defines children as being 18 or under. So with that explicit kind of definition, why should we infer that somehow or construe this statute somehow to say, well, but children means little children, not bigger children? Your Honor, I think that the government could have prosecuted this crime if it had used all the powers that are available in the statute. There are other areas that are defined in the statute, various protected areas that could have been used. But the indictment indicts the appellant for distributing drugs near a playground as the playground is defined in the statute. For example, the government could have indicted the appellant for distributing drugs within 1,000 feet of a public housing project. They chose not to do that. Well, yes, but it still doesn't quite explain why we should construe the statute as applying only to little children as contrasted with bigger children who are nevertheless under 18. Your Honor, I don't think appellant is arguing that the statute was meant only for little children. Appellant is arguing that the term playground, as it's defined in the statute – and we can't get away from this very unique enumeration that Congress gives us in that definition. It's including, isn't it? It isn't including. It's including twice. However, that enumeration is so specific – swing sets, teeter boards, sliding boards – if the enumeration were meant to be of a broader nature, then why not include sports-related facilities, athletic equipment, things used for more competitive sports? But it's very – bless your hearing – that provides a far greater range of possibilities. Well, is it your basic argument that by setting out the three specific kinds of playground equipment that the Congress excluded any others? No, I don't think Congress meant to exclude others, but it seems clear to appellant that a certain nature of recreational apparatus that children use. So they have the swing sets, teeter boards, sliding boards, but what would fit within that group would be other sorts of equipment that young children would use – sandboxes, merry-go-rounds, things of that nature. What does not seem to fit within that class would be basketball courts, tennis courts, soccer fields, equipment of that nature. Okay, would you like to save the rest of your time? Yes, I would. Thank you very much. Okay. Mr. Nakamura. Good morning, Your Honor. May it please the Court, Craig Nakamura for the United States. I'd like to get right to the issue. I guess the government has several points on this. First of all, if you look at the literal terms, the plain meaning of the statute, the statute covers the basketball court, skating rink, and softball field. The language of the statute defines playground as containing three or more separate apparatus intended for the recreation of children, including but not limited to swing sets, sliding board, teeter-totter. So the operative terms of the statute is apparatus intended for the recreation of children. As the Court pointed out, this whole statute is a statute designed to prevent drug dealers from preying upon children. As the district court indicated, the obvious target group that Congress was trying to protect would be teenagers and older children who would be susceptible to drug use and drug purchases. So our position is it would make no sense to only limit the statute to playgrounds that would cater to small children, little children, ones who would not likely be able to buy drugs, yet exclude the clear target group for Congress. And I think the words including but not limited to is significant. The defense is really relying upon the interpretive principle of it's just ungenerous. And this Court, as well as other courts have said, when you use the phrase including but not limited to, it takes out the restrictive rule of it's just ungenerous because it's saying literally we're not excluding other things. We're just giving you examples of what could qualify. I think a more plausible reading of this statute is this. Congress defines the playgrounds that will be covered broadly. Any playground having apparatus intended for the recreation of children. So under that broad definition, the target group, older children, teenagers, anyone under 18 would likely buy drugs would be covered. But my belief is that Congress was worried, well, that maybe someone looking at this statute would say, well, playgrounds only catering for small children should be excluded because it doesn't make sense that drug dealers would target small children. So to avoid that, to make sure that the statute was broad enough to not only reach the target group but to reach small children, which Congress may have a concern about, they specifically identified apparatus that would be relevant to small children, to little children, to make sure that that group wasn't excluded. I believe that's a more plausible reading of the statute because it is consistent with Congress's intent and it avoids reading the statute in a way that would lead to absurd results. Our position is the statute should be read, our basic position is that if you look at the literal terms of the statute, it does cover a basketball court, skating rink, a softball field. These are things clearly the children, people who would be susceptible to drug use, drug dealers, would congregate at, would play with. And the clear purpose of the statute is to create a drug-free zone around these playgrounds to make sure that kids have a chance to grow up without that detrimental element being imposed upon them. So I believe if you look at all the elements of this case, the plain meaning of the statute, we believe it's covered. The intent of Congress, clearly, Congress's intent would be furthered by reading the statute in the way that we are asking the court to. The restrictive principle of a just and generous, the case law says, doesn't apply in this situation. One, where would be contrary to Congress's intent. We've cited cases, we've given you a 28-J letter, Your Honor, that shows that how this principle should be applied or not applied in this situation, where restricting the meaning of the statute would tend to limit its clear scope. I think we made the points in our brief. Unless the court has any questions, I would submit. Well, I gather that it was never raised any place that if we had a piece of real estate here, just bare real estate, and somehow or another somebody, an authority said, okay, you play football on this part of it, you play baseball on this part of it, and you play tennis on this part of it, and it's still real estate. Now, are you saying that within the meaning of that arrangement, that we would have apparatuses, that we would call those things apparatuses? I don't, Your Honor. I think there has to be some structure that is placed on that field to indicate that it was intended for use by children. Now, bases and baselines and backstops become apparatuses? I believe that it does, because it shows that this field, apparatus is a very broad term. I realize that, but are you saying now if you had three bases and a backstop, you have one apparatus or four? That's a good question. Why did Congress resort to the term apparatus at all? And you're saying that this baseball diamond has to be an apparatus. No. Well, in this particular, in this case, if it isn't an apparatus, you have no case. We still win in this case, because in this case, there was a swing set. Okay. But you need the skating rink. We need two out of three. We have the skating rink, the basketball court, or the softball field. But I guess my position would be that the softball field does qualify. I don't want to make my colleagues in other cases mad at me for... I know, but I guess the point I'm trying to make is, for me, it is a playground. We would have known what a playground is if they hadn't defined it. That's kind of my problem. This is my... And the legislative history on the choice of the words for the statute is sparse. There is no Congress saying, we chose these words for this reason. But the way that I look at it is this. The purpose for the three apparatus requirement is to give drug dealers some notice that this is an area that they ought to avoid. So... And the courts have said, just a plain field, like a park, with just park benches, but no apparatus, like a basketball court, that would tend to give someone notice that children would likely play there. That's not covered by the statute. But my position would be, say you had a Little League field that was only a baseball field, with backstops and bases, and you had three different fields. I think clearly that would be covered, because it is a structure, materials put together for use for recreation of children. And I think it would satisfy Congress' thought that maybe we have to give some notice to people that this is an area that they should not sell drugs near to. Whether a pitcher's mound and a home plate is two apparatus, my view is that that's perhaps taking it too far. But I think the combination in this case of the backstop, the pitcher's mound, the home plate, the baselines, that I think would be enough to qualify as an apparatus intended for children, and also satisfy the need to give some people notice that, hey, people are, children are going to play in this area. If there's no other questions, we will submit your honor. Thank you. Okay. Thank you. Ms. McMillan. Thank you, your honors. Appellant concedes that the purpose of the statute is to protect children, all children, against the evils of drug use. The flashpoint of the conflict between our two arguments seems to be that the government says that they understand the plain meaning of the statute, and appellant says we understand the plain meaning of the to encompass all outdoor public use recreational apparatus. Appellant argues that that would be okay, except that the definition that's in the statute has this specific enumerated list, and it's a unique list, and it must be followed. Congress wrote it that way, and our job is to follow what the statute has. I notice in the government's brief, they discuss the history of the statute, and we see that the statute has evolved over the past 20 years, and that evolution is of the nature of encompassing a broader and broader protected area. That area may well become broader in the future, but for now, what we have are these limitations that Congress has provided, and appellant respectfully requests that the court follow the definition that's in the statute. Okay. Counsel, thank you for your argument. Thank you. And the matter just argued will be submitted. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Leavy, Rymer, T.G. Nelson